NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 05a1011n.06
Filed: December 22,2005

Case No. 05-4356

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

| | | |
|---|---|---|
| JOHN G. SPIRKO, JR., | ) | |
| | ) | |
| Appellant, | ) | |
| | ) | ON APPEAL FROM THE |
| v. | ) | UNITED STATES DISTRICT |
| | ) | COURT FOR THE NORTHERN |
| MARGARET BRADSHAW, Warden, | ) | DISTRICT OF OHIO |
| | ) | |
| Appellee. | ) | |
| | ) | |

_____

BEFORE: BATCHELDER, DAUGHTREY, and GILMAN, Circuit Judges.

**ALICE M. BATCHELDER, Circuit Judge.** Appellant John Spirko, a convicted murderer,

appeals the district court's orders denying him relief from that court's judgment dismissing his

petition for a writ of habeas corpus. *Spirko v. Anderson*, No. 3:95CV7209, 2000 WL 1278383 (N.D.

Ohio July 11, 2000), *aff'd sub nom. Spirko v. Mitchell*, 368 F.3d 603 (6th Cir. 2004), *cert. denied*

*sub nom. Spirko v. Bradshaw*, 125 S. Ct. 1699 (2005). Spirko's basic contention is that, for various

reasons, the judgment dismissing his habeas petition should be vacated due to fraud on the federal

habeas court. The district court rejected Spirko's claims of fraud in an Order denying his motion

for relief from judgment, *Spirko v. Bradshaw*, — F. Supp. 2d—, No. 3:95CV7209, 2005 WL

3370823 (N.D. Ohio Oct. 28, 2005), and in a subsequent Order denying his motion for vacatur of

the prior Order. *Spirko v. Bradshaw*, —F. Supp. 2d—, No. 3:95CV7209, 2005 WL 3370049 (N.D.

Ohio Dec. 13, 2005). Because the district court thoroughly addressed Spirko's arguments and

persuasively demonstrated that there was no fraud on the federal habeas court, we will affirm that court's judgment on the basis of its two well-reasoned opinions.

But for purposes of clarity and completeness, we will add a few comments regarding certain of Spirko's contentions. First, as a general matter, we note that many of Spirko's arguments are more accurately characterized as attacks on his conviction or sentence, or on the resolution of his habeas claims on the merits, rather than genuine claims of fraud on the federal habeas court. Although attacks on Spirko's conviction or sentence, or the resolution of his habeas claims on the merits, would constitute a second or successive habeas petition that is generally barred from federal court adjudication, *see Gonzalez v. Crosby*, 125 S. Ct. 2641, 2646-48 (2005); *Post v. Bradshaw*, 422 F.3d 419, 424-25 (6th Cir. 2005), we conclude that the district court was correct in addressing Spirko's fraud claims on their merits.

We also note that Spirko argues on appeal, *inter alia*, that the district court improperly applied the provisions of the Antiterrorism and Effective Death Penalty Act ("AEDPA"), Pub.L. No. 104-132, 110 Stat. 1214 (1996), to his case even though his federal habeas petition was filed before that law's enactment, and that the district court erroneously held that a state prosecuting attorney was not an officer of the federal habeas court for purposes of a fraud-on-the-court claim. It is not necessary for us to resolve these issues because their resolution would not affect our determination of the claims on appeal. AEDPA's application to this case has no effect upon the district court's persuasive analysis demonstrating that, at bottom, no fraud was committed on the federal habeas court warranting the re-opening of Spirko's habeas action. And the district court also correctly explained that, even if the Van Wert County prosecuting attorney (first, Stephen Keister, and then his successor, Charles Kennedy) were an officer of the federal habeas court, and even assuming that

he made the misrepresentation or concealment of information in this case that Spirko claims, it does not constitute fraud, and that in any event the information at issue did not bear upon the outcome of the federal habeas proceedings.

Furthermore, Spirko's argument that the district court reversibly erred by not treating his claim as "an independent action for relief from judgment on the basis of fraudulent misconduct" is unavailing. The district court recognized its authority to treat Spirko's Fed. R. Civ. P. 60(b) motion as one for such equitable relief "in cases of unusual and exceptional circumstances," and although it did not mechanistically apply the relevant test, the district court's convincing explanation that it was not defrauded at all–much less in a way that would have altered its adjudication of Spirko's habeas petition–demonstrates that it could not have abused its discretion by denying equitable relief on the basis of fraud, a claim whose standard is in most respects more difficult to meet than that under Rule 60(b)(3). *See Barrett v. Sec'y of Health & Human Servs.*, 840 F.2d 1259, 1263 (6th Cir. 1987).

In short, the district court's two orders denying Spirko relief from judgment clearly demonstrated that no fraud occurred in the procurement of the habeas court's judgment, much less fraud that would have affected that court's adjudication so as to justify its exercising its discretion to re-open Spirko's habeas case. Finding no abuse of discretion, we therefore **AFFIRM** on the basis of its two orders the district court's judgment denying Spirko's motion for relief from judgment. *See Spirko v. Bradshaw*, — F. Supp. 2d—, No. 3:95CV7209, 2005 WL 3370823 (N.D. Ohio Oct. 28, 2005); *Spirko v. Bradshaw*, —F. Supp. 2d—, No. 3:95CV7209, 2005 WL 3370049 (N.D. Ohio Dec. 13, 2005).

RONALD LEE GILMAN, Circuit Judge, concurring. Although I adhere to the position expressed in my opinion dissenting from the denial of Spirko's original habeas corpus petition, *Spirko v. Mitchell*, 368 F.3d 603, 614-18 (6th Cir. 2004) (Gilman, J., dissenting), I agree with my colleagues and with the district court that Spirko has not met the high burden of proving fraud on the habeas court either under Rule 60(b) of the Federal Rules of Civil Procedure or via an independent action for relief from judgment. I therefore agree that the judgment of the district court should be affirmed.